UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>DECKER COLLEGE, INC.<br><br>Debtor | BANKRUPTCY NO. 05-61805<br><br>CHAPTER 7<br><br>HONORABLE THOMAS H. FULTON |

### AGREED ORDER RELATING TO SALE OF PERSONAL PROPERTY OF DECKER COLLEGE, INC.

On agreement of the Trustee, Robert W. Keats (the "Trustee"), and Wilson & Muir Bank & Trust Company (W&M), a secured creditor, to settle W&M's objection to the Trustee's sale of personal property of Decker College, Inc., the Trustee and W&M hereby move the Court to enter this Agreed Order. In support thereof, the Trustee & W&M state as follows:

  A. An involuntary petition for bankruptcy was filed against Decker College, Inc. ("Decker") on October 24, 2005 (Docket No. 1).

  B. Decker consented to relief under Chapter 7 of the Bankruptcy Code on November 2, 2005 (Docket No. 8), and the Court entered its order for relief on November 4, 2005 (Docket No. 10), appointing Robert W. Keats as Chapter 7 Trustee.

  C. The Trustee became aware that a governmental entity had removed file cabinets from various properties operated by Decker and returned to the Trustee as property of Decker. In addition, the Trustee came into possession of computer servers that were also the subject of inquiry by governmental entities. These items are all property of the debtor's estate and should be sold.

  D. By this Agreed Order, the Trustee seeks Court approval to sell 52 file cabinets of various sizes, description, and quality, and also sell by private or public auction conducted by the

Auction Company nine or more computer servers in accordance with the terms of the Agreed Application to Employ Auctioneer, filed contemporaneously herewith.

E. W&M objects to a sale free and clear of all liens because it holds a perfected security interest in the personal property the Trustee intends to sell by virtue of a UCC Financing Statement filed by W&M against Decker, Inc., including, without limitation, all Inventory, Accounts, Equipment and General Intangibles. W&M obtained this security interest in exchange for granting a $3 million line of credit to Decker in July, 2005, which line of credit is fully drawn. W&M's security interest is described more specifically in W&M's proof of claim, No. 45, filed herein.

F. The Trustee believes that the entry of this order is in the best interest of the debtor's estate and accordingly requests the Court to approve such Order.

G. The Trustee and W&M agree that the auctioneer fees should be paid in accordance with a Court order to employ the auctioneer. An Agreed Application to Employ Auctioneer has been filed contemporaneously herewith but no order has been entered.

H. Four sales of personal property of Decker College, Inc. have been approved by this Court for locations in Louisville, Kentucky, Indianapolis, Indiana, Jacksonville, Florida and Atlanta, Georgia. Additional sales may be necessary to liquidate personal property of Decker. Collectively, the sale proceeds for all sales remaining after any fees are paid to the auctioneers for all sales shall be the "Net Sale Proceeds."

I. The Trustee and W&M agree that the bankruptcy estate of Decker shall receive 20% of the first $50,000 of Net Sale Proceeds and 15% of the balance of the Net Sale Proceeds (collectively, the "Estate Sale Proceeds"). The Trustee and W&M agree that W&M shall receive the remainder of the sale proceeds (the "W&M Sale Proceeds"). The Trustee and W&M

agree that the Trustee shall be compensated for his efforts in selling the personal property from the Estate Sale Proceeds in accordance with Section 326(a) and this Court's orders. The Trustee shall receive no compensation from the W&M Sale Proceeds.

J.  The Trustee and W&M agree that no other fees and expenses shall be paid from the W&M Sale Proceeds, unless otherwise ordered by the Court.

K.  The Trustee believes that it is in the best interest of the estate to hold the sale proceeds in escrow until such time as the Trustee is confident that the bankruptcy estate does not hold an interest in the sale proceeds that is superior to W&M's interest.

L.  W&M agrees that the Trustee may hold the W&M Sale Proceeds in escrow for a limited period of time, in an interest-bearing account, provided that the Court grants W&M a replacement lien on the sale proceeds as adequate protection. The Trustee and W&M agree that any concerns related to W&M's entitlement to the W&M Sale Proceeds shall be brought before the Court within 30 days after the earlier of the completion of the last sale of personal property or March 31, 2006. If after appropriate review and an order of the Court if necessary, the Trustee determines that the estate has no interest, the Trustee will abandon the W&M Sale Proceeds to W&M.

Based upon the foregoing agreements and the Court being otherwise sufficiently advised, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1.  This Agreed Order is granted, and the Trustee is authorized to sell the personal property of Decker referenced herein.

2.  Following completion of the sale, the Trustee is authorized to pay the auctioneer fees in accordance with the Court's order to employ the auctioneer.

3.  The bankruptcy estate of Decker shall receive 20% of the first $50,000 of Net Sale Proceeds and 15% of the balance of the Net Sale Proceeds. The Trustee shall be compensated for his efforts in selling the personal property from the Estate Sale Proceeds in accordance with Section 326(a) and this Court's orders.

4.  W&M shall receive the balance of the Net Sale Proceeds. The Trustee shall receive no compensation from the W&M Sale Proceeds.

5.  The Trustee shall place the W&M Sale Proceeds in a qualified interest-bearing escrow account, pursuant to Section 345 of the Bankruptcy Code.

6.  In exchange for its consent to the foregoing sale and as adequate protection for its interest in the property sold, W&M is granted a first-priority lien on the W&M Sale Proceeds.

7.  Any concerns related to W&M's entitlement to the sale proceeds shall be brought before the Court within 30 days after the earlier of the completion of the last sale of personal property or March 31, 2006. The sale proceeds shall be distributed to W&M immediately on the 31st day or on April 1, 2006, as applicable, if no motion to set aside W&M's entitlement to the W&M Sale Proceeds is brought before the Court within 30 days after the completion of the last sale of personal property. If such a motion is made, the W&M Sale Proceeds shall be distributed to W&M immediately upon the Court's ruling in favor of W&M on such motion.

Agreed to by:


/s/ Robert W. Keats
Robert W. Keats
150 South Third Street
Louisville, Kentucky 40202
Trustee for Decker College, Inc.



/s/ Erika R. Barnes
Michael D. Risley
Erika R. Barnes
Stites & Harbison PLLC
400 West Market Street
Suite 1800
Louisville, Kentucky 40202
Counsel for Wilson & Muir Bank & Trust Company