**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 05-61805(2) |
| DECKER COLLEGE, INC., ) | Chapter 7 |
| Debtor ) | |
| ) | |

## DECKER COLLEGE, INC. STATUS REPORT

*A brief summary*

Comes, Robert W. Keats, Trustee on behalf of the above Debtor, who provides this status report and states as follows:

Currently pending before the U.S. Department of Education (hereinafter sometimes referred to as "ED") is the appeal of Decker College for the release of funds that were due but held back prior to the date the institution was closed. A major claim contained in the appeal is that Decker College was accredited for the programs it offered.

Also pending is a claim relating to the actions of the Council on Occupational Education (hereinafter sometimes referred to as "COE"), an accrediting organization located in Atlanta, Georgia. Decker College claims various causes of action against COE arising out of statements that COE made to the United States Department of Education to the effect that COE had not approved three Decker College degree programs for delivery using primarily on-line technology

The Trustee was initially advised that an important requirement of the ED appeal included the necessity to conduct an audit of student records. Although the audit was initiated the audit could not be concluded because the company selected to conduct the audit was unable to obtain a sufficient number of student records necessary to conduct the

1

audit. As a result of the accounting firm's lack of ability to perform the audit, the appeal of Decker's case was substantially delayed.

The audit and investigations into other matters were hampered and delayed in major part because prior to the date the bankruptcy case was filed in 2005 over 72 file cabinets and several computer servers containing lesson plans, test data, student loan applications and information, student files, general accounting data, and documents and papers concerning the operations of the school were taken by the various governmental units investigating Decker College. All student records that were not taken and remained at the various Decker schools located in Indiana, Kentucky, Georgia, and Florida following the date the bankruptcy case was filed were offered to the various departments of education in those states.

Access to the student files that were not taken by the government agencies have not been denied by the states holding those files, but the volume of those files were found to be insufficient to generate sufficient accounting data. Access to records held by the investigating governmental agencies were heavily restricted. However, with reference to the files taken by the FBI in 2005 the trustee was notified on January 7, 2009 that the Justice Department was releasing to the bankruptcy trustee 750 boxes containing a variety of documents. The trustee was also advised at that time that there will be no indictments or further investigations of Decker College.

The 750 boxes were picked up on February 6, 2009 and sent to a storage area pending creation of an accounting team. The Trustee has also been advised by the US Department of Education in Atlanta that 15 additional boxes of documents it received from the Justice Department for its investigation are also available to be sent to the

2

Trustee. The transport of those documents to the site to be selected by the Trustee is pending. Once the contents of the 750 boxes are sorted and compiled in an organized manner the trustee and accounting team will be able to determine what files might be of assistance in its claim before the U.S. Department of Education and what records might be released to the Kentucky Department of Proprietary Education for example.

Despite the lack of funds and delays caused by the lack of records necessary to complete the requirements to document its claims, progress has been made on the appeal pending before ED. Following the release of the documents and withdrawal of government investigations, the Trustee will be in a better position to be able to document its claims and begin settlement talks with the Council on Occupational Education that are necessary in order to assist in the appeal before ED. Settlement discussions with ED may also begin.

---

Below are some statistics relating to the Decker College bankruptcy case.

Date Filed           10/24/05
Trustee Appointed    11/4/05, confirmed 12/1/05
Meeting of Creditors 1/9/06

### Creditors Listed on Debtor's Schedules

| | | |
|---|---|---|
| Schedule "F" (original) | 3,672 pages | 18,356 Creditors |
| Schedule "F" (amended) | | 440 Creditors |
| Total Schedule "F" Creditors | | 18,796 Creditors |
| | | |
| Schedule "E" Wage Creditors | | 533 Creditors |
| Schedule "E" Tax Creditors | | 21 Creditors |
| TOTAL ALL CREDITORS | | 19,350 Creditors |

## SUMMARY OF PROOFS OF CLAIM FILED WITH THE COURT

**Proofs of Claim filed by Bar Date**      641 totaling $58 million

| CLASS OF CLAIM | CLAIMED |
|---|---|
| Administrative Claims<br>  Trustee Admin | $4,459,703.44 |
| Secured Claims | $5,375,076.08 |
| Priority Claims (wage, tax claims) | $3,169,646.81 |
| Unsecured Claims | $45,372,038.46 |
| Total all POC's filed | $58,376,464.79 |

| CLASS OF CLAIM | CLAIMED |
|---|---|
| **Administrative Claims**<br>Trustee Admin.<br>Attorneys<br>Property rentals | $4,459,703.44 |
| **Secured Claim**<br>Wilson & Muir Bank<br>Other Secured Claims | <br>$3,040,222.05<br>$2,334,854.03 |
| **Priority Claims**<br>Wage Claims | <br>$1,767,607.64 |
| Wage Claims – USDOL<br>  *Includes all Schedule "E" Claims*<br>  *where Proofs of Claim have not been filed.* | $1,402,039.17 |
| IRS Tax Claims<br>  2005 taxes | |
| **Unsecured Claims**<br>Student Loans and Trade Claims<br>Department of Education Claim | <br>$13,262,392.46<br>$32,109,646.00 |
| Total all POC's filed | $58,376,464.79 |
| US DOE Claim | $32,109,646.00 |
| Less USDOE Claim | $26,266,818.79 |

4

**MONEY IN TRUSTEE'S ACCOUNT – RECEIVABLES**

| Site / Item | Proceeds From Sale | Cost of Sale | Net Deposit | Paid to Creditor | Paid to Trustee |
|---|---|---|---|---|---|
| 981 South Third Street. | $71,682.00 | $20,000.00 | $51,682.00 | $41,499.08 | $10,374.78 |
| 5534 Natl. Tnpk. | $88,190.00 | $21,188.89 | $67,001.11 | $53,600.89 | $13,400.22 |
| 3700 Dekalb Pkwy | $50,335.00 | $9,933.50 | $40,401.50 | $32,321.20 | $8,080.30 |
| Jacksonville, FL | $51,771.05 | $7,766.50 | $44,004.55 | $31,974.04 | $7,993.51 |
| Bowling Green, KY | $14,076.00 | $2,610.00 | $11,466.00 | $9,172.80 | $2,293.20 |
| Indianapolis, IN | $7,529.50 | $2,482.37 | $5,047.13 | $4,038.93 | $1,009.73 |
| Louisville File Cabinets | $2,397.50 | $849.37 | $1,548.13 | $1,238.50 | $309.63 |
| Airplane Sale | $25,000.00 | | $25,000.00 | | $25,000.00 |
| | | | | | |
| General Receivables-Interest | $11,368.16 | | $11,368.16 | | $11,368.16 |
| | | | | | |
| **Totals** | **$322,349.21** | **$64,830.63** | **$257,518.58** | **$173,845.44** | **$79,829.53** |

*Cost of Sale does not include attorney time.*

## Conclusion

This is a complicated case that involves many interesting bankruptcy issues, administrative proceedings, possible appeals, and daunting organizational issues. This case could generate a significant amount of funds to be disbursed to creditors. However, there are many hurdles to be jumped before the Trustee can get to the settlement table, including the juggling of finances to pay for the services of its dedicated professionals. The efforts of the Trustee's outside counsel has been excellent and remarkable, considering that they are presently working essentially on a contingent fee basis.

Respectfully submitted,

_____/s/_____
Robert W. Keats,
Bankruptcy Trustee
KEATS & SCHWIETZ, PLLC
P.O. Box 221377
Louisville, Kentucky 40252-1377
(502) 587-8787    RK-1-C-Decker College-Status Report to Court 6-09