UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY (Louisville)

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DECKER COLLEGE, INC. | ) Case No: 05-61805(2) |
| | ) |
| Debtor | ) |
| | ) |

## MOTION TO DISBURSE FUNDS

Robert W. Keats, as Trustee for the Estate of Decker College, Inc. ("Decker College") respectfully moves and applies to the court for authorization to disburse a portion of funds held in the Debtor Estate account to pay administrative expenses previously awarded by the Court. In support of the motion to disburse funds the Trustee states as follows:

1. Applications for compensation of attorney fees and expenses were previously awarded to attorneys in the Decker case to Dow Lohnes, PLLC on October 19, 2006 (Doc # 378), and to Keats & Schwietz, PLLC on November 8, 2006 (Doc # 384).

2. The orders were entered with the proviso that *"there shall be no distribution of funds until further Order of the Court"* (Doc # 378, at page 4).

3. Since the time of entry of the aforesaid Orders the bank in which the Trustee's moneys have been deposited have been charging a monthly service fee for holding the funds in an amount that has been causing a steady decline in the amount on deposit in the trustee's account.[1] The current decline is expected to be about $115 per month.

---

[1] The service fee is currently 1.75% on funds held in the Trustee's account for each debtor. The justification for the service fees are in part related to the elimination of the government-provided no-cost insurance on estate funds (the "TAG program"), and various additional costs imposed by the Trustee bank account program, said arrangement apparently having been approved by the U.S. Trustee's office.

4. In an effort to reduce the amount of the service fees being automatically withdrawn from the funds on deposit in the Decker account it behooves the Trustee to reduce the amount held in the account.

5. Although the Trustee anticipates the obligation to pay additional costs for storage of documents, for example, his conservative estimate of how much should remain in the account would still allow the distribution of some funds contemplated by this motion to be paid to attorneys who have shepherded this case since 2005 to the present without having been paid for their services.

6. The Trustee therefore proposes to pay Dow Lohnes, PLLC the sum of $20,000.00 towards their approved fee, and $26,648.33 towards their approved expenses, all previously awarded by the Court's Order of October 18, 2006. In addition the Trustee proposes to pay Keats & Schwietz, PLLC the sum of $10,000.00 towards their approved fee awarded by the Court's Order of November 8, 2006. Those amounts being paid will leave an amount the Trustee considers sufficient to cover reasonable future miscellaneous expenses.

WHEREFORE, the Trustee respectfully requests the Court to permit the distribution of funds requested by this motion.

RESPECTFULLY SUBMITTED

*/s/ Robert W. Keats*
Robert W. Keats, Trustee
KEATS & SCHWIETZ, PLLC
P.O. Box 221377
Louisville, Kentucky 40252-1377
(502) 587-8787

## **CERTIFICATE OF SERVICE**

      I certify the foregoing and proposed the order were served in conformity with CM/ECF Rule 6.9, or, by delivering a true copy via first class mail to the service list on January 9, 2013.

                                                */s/ Robert W. Keats*
                                                Robert W. Keats