UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DECKER COLLEGE, INC. | ) | CASE NO. 05-61805(2) |
| Debtor | ) | CHAPTER 7 |
| _____ | ) | |

## DECKER COLLEGE STATUS REPORT

Comes now ROBERT W. KEATS, having been appointed Trustee of the Estate of the above-named Debtor, and pursuant to the Order of Court provides this status report for the period of time following the Trustee's Status Report filed on June 8, 2009 (Document # 462).  This status report concerns the focus of significant activities of the Debtor Estate following June 8, 2009, and is a supplement thereto.

### 1.     United States Department of Education Proceedings

Following the filing of the bankruptcy case in 2005 Decker College, Inc ("Decker") continued to pursue its claim for the release of Student Financial Assistance funds held back by the United States Department of Education (the "Department"). Decker appealed the Department's revocation of financial assistance funding through the Department's administrative appeals process. The Department relied upon the statements made by the Council on Occupational Education, Inc. ("COE") that Decker College was not accredited for various associate degree programs, and thus, held back Decker's funding which resulted in the bankruptcy.  The Department also filed a Proof of Claim in the Decker bankruptcy case for a substantial amount of money referred to in the previous status report. The Department, however, has stayed those proceedings so that the

1

Bankruptcy Court may make findings which will be used to assist Decker in its proceedings.

### 2. Trial before the United States Bankruptcy Court

On December 15, 2009 the Decker College Trustee filed an Adversary Proceeding, Case No. 09-0391, against the Council on Occupational Education, Inc. In its complaint Decker asserted that the Defendant Council on Occupational Education, Inc. ("COE") was aware of and approved Decker College's offering of three construction crafts Associate Degree Programs (collectively, the "Hybrid Programs") through a primarily on-line mode of delivery. Decker's evidence would show that any communications by COE, whether oral or in writing (including COE's letters of June 17, 2005 and August 23, 2005), stating or implying that (a) COE was unaware that the Hybrid Programs were offered primarily via distance education at the time of their approval; (b) the Hybrid Programs underwent a substantive change after being approved by COE; (c) the Hybrid Programs were at any time operated outside the scope of their accreditation by COE; and/or (d) COE's approval of the Hybrid Programs was in any way limited or conditioned so that the Hybrid Programs were not approved to be offered primarily via distance education were untrue and incorrect.

The Bankruptcy Court determined that the Trustee's case was a core proceeding under 28 U.S.C. § 157(b) and that the Court otherwise has jurisdiction over the matter because it falls within the "public rights exception" discussed in *Stern v. Marshall*, 131 S. Ct. 2594, 2612-15 (2011). Moreover, Decker and COE had consented to have the Bankruptcy Court hear the Adversary Proceeding and make findings of fact with respect to the subject matter of the case.

On October 20, 2010 the Court ordered that a trial on the merits be held regarding "the veracity of Defendant's statements to the United States Department of Education concerning Defendant's approval of the Hybrid Programs."

Beginning Monday March 26, 2012 and ending March 29, 2012 the trial was conducted before the United States Bankruptcy Court. Following the submission of post trial briefs by the parties, in its Findings of Fact entered July 10, 2012 (Doc # 12), the Court found that the Statements made by the Council on Occupational Education ("COE") were factually erroneous.

The COE's Handbook and Application Form did not expressly require Decker to submit detailed information regarding its intention to offer the Programs using distance education. Decker disclosed to COE its intention to offer the Programs through distance education during the Pre-Application Meetings. It further disclosed its intention in its applications by indicating that its programs would be taught through distance education in response to Questions 9, 14 and 22 of the Application Form. These disclosures put COE on notice of Decker's general intention and made it incumbent upon COE to inquire further if COE was indeed concerned about the details of Decker's online delivery of course content. COE did not formally request further information but instead issued the Approval Letters, which did not contain any restrictions as to method of delivery of course content. Following approval of the Programs, prior to making the Statements, Further, COE expressed no concern about Decker's use of distance education despite Decker's substantial discussion of the same in the Self-Study and other written and verbal communications, and despite COE's opportunity to observe the same during its site visit. This belies COE's assertion that it was not aware of Decker's use of distance education.

For all of these reasons the Bankruptcy Court found that COE in fact approved delivery of Decker's Programs through distance education and that, therefore, the statements were false insofar as COE asserted that Decker had not been approved to offer the Programs through distance education.

### 3.      COE Appeal to the United States District Court

On July 24, 2012 the Council on Occupational Education, Inc. ("COE") filed several motions challenging Judge Fulton's Findings along with its Notice of Appeal to the United States District Court.

In its Memorandum Opinion and Order of December 5, 2012 the United States District Court found that pursuant to the consent of COE and Decker, Bankruptcy Judge Fulton conducted a bench trial in March 2012 to determine the veracity of Defendant's, Council on Occupational Education ("COE"),statements to the Department of Education (the "Department") regarding approval of several Decker College, Inc. ("Decker") degree programs taught primarily through distance education. In particular, the parties consented for Judge Fulton to decide whether the Department erroneously awarded federal financial aid to Plaintiff Decker. In his Findings, Judge Fulton found that COE's statements were "factually erroneous" insofar as they informed the Department that COE did not approve the programs to be offered through distance education.

The United States District Court affirmed the Bankruptcy Court's Findings, as the Bankruptcy Court's Order is not clearly erroneous.

The District Court determined that the Bankruptcy Court set out to resolve a factual inquiry, whether COE's statements were false when it informed the Department that it never approved the Hybrid Program to be offered via distance education when in

4

fact given such approval. The Bankruptcy Court's ultimate conclusion was that COE's statements to the Department "were factually erroneous." The District Court found that in arriving at this conclusion, the Bankruptcy Court examined COE's procedures, practices and actions before, during and after the application process. In reaching its conclusions the District Court determined that Judge Fulton considered the volumes of evidence submitted by the parties and live testimony from key players in the case.

Having reviewed the Findings and underlying evidence, the Court found the Bankruptcy Court's decision to be reasonable given the evidence advanced at trial. In Decker's Accreditation Application, it stated its intention to offer the Hybrid Programs via distance education. COE approved the Application in its entirety. The Bankruptcy Court thus reasonably found COE to be dishonest when it told the Department it did not approve the Hybrid Programs to be offered in such a manner. The District Court also found no error in Bankruptcy Judge Fulton's reasoning and found his factual Findings to be fully supported by the record evidence.

### 4.      COE appeal to the 6th Circuit United States Court of Appeals

On January 4, 2013 the Council on Occupational Education, Inc. ("COE") filed its Notice of Appeal of the United States District Court's decision to the 6th Circuit United States Court of Appeals. The issues presented included whether the District Court and Bankruptcy Court violated COE's Seventh Amendment right by not permitting adjudication by jury of issues relating to claims asserted by the Debtor for which COE preserved its right to jury trial; whether the District Court erred in ruling that the adversary proceeding is a core proceeding and by failing to either vacate the Bankruptcy Court's Findings of Fact or re-enter the Findings as proposed findings of fact subject to

*de novo* review; whether the Bankruptcy Court exceeded its jurisdictional authority and violated Article III of the Constitution by purportedly entering a final order adjudicating state law claims between two private parties; whether the Bankruptcy Court violated COE's due process rights by issuing Findings of Fact that extended beyond the limited issue the Bankruptcy Court had previously indicated would be addressed; whether the Bankruptcy Court erred by failing to apply the appropriate standard for judicial review of the actions of accrediting agencies as required by *Thomas M. Cooley Law School v. American Bar Ass'n*, 459 F.3d 705 (6th Cir. 2006); and finally, whether the Bankruptcy Court's purported factual findings were clearly erroneous, assuming they were entered as part of a constitutionally valid final order.

Oral argument was held before the 6th Circuit Court of Appeals on October 8, 2013. A decision of the 6th Circuit Court of Appeals is pending.

\* \* \* \*

All further activities under consideration are currently on hold pending the decision of the 6th Circuit Court of Appeals.

    Respectfully submitted,

    */s/ Robert W. Keats*
    Robert W. Keats, Trustee
    P.O. Box 221377
    Louisville, Kentucky 40252-1377
    (502) 587-8787

## CERTIFICATE OF SERVICE

I certify the foregoing and proposed order was served in conformity with CM/ECF Rule 6.9, or, by delivering a true copy via first class mail to the service list on <u>June 24, 2014:</u>

    /s/ *Robert W. Keats*
    Robert W. Keats