UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No: 05-61805(2) |
| DECKER COLLEGE, INC. ) | |
| Debtor ) | Chapter 7 |
| _____) | |

## DECKER COLLEGE STATUS REPORT

Comes now ROBERT W. KEATS, Trustee of the Estate of the above-named Debtor, and provides this status report that will focus on the significant activities of the Decker College Bankruptcy Estate ("Decker") for the period of time following the Trustee's Status Report dated January 28, 2015, in *Robert W. Keats, Trustee, v. Council on Occupational Education, Inc.,* Adversary Proceeding ("A.P.") No. 09-03091 (A.P. Doc. No. 247), and supplemental to the Status Report submitted in the main bankruptcy case, No. 05-61805, on June 24, 2014 (Doc. No. 497).

**I.   Update on the U.S. Department of Education Administrative Proceeding.**

To provide context for activities in the bankruptcy case, it is important to reflect on recent activities in the proceeding before the U.S. Department of Education ("Department"), in which Decker appealed a Final Program Review Determination ("FPRD") issued by the Department's Office of Federal Student Aid ("FSA") on March 31, 2006. *In the Matter of Decker College,* Dkt. No. 06-22-SP, U.S. Dep't of Educ. ("Administrative Proceeding"). On March 15, 2016, a decade after the issuance of the FPRD, Administrative Law Judge Robert Layton ("Judge Layton" or "ALJ")[1] issued a

---

[1] On January 28, 2015, Administrative Law Judge Ernest C. Canellos reassigned the Administrative Proceeding to Judge Layton. Previously it was assigned to Judge Slippen.

1

decision ("Decision") holding that, as a matter of fact, Decker's accrediting agency, the Council on Occupational Education ("COE"), had accredited certain of Decker's programs (the "Programs") to be offered primarily through distance education, directly contrary to COE's 2005 report to FSA that it had not. *See* Doc. No. 529. Because Finding 1 of the FPRD was based solely on COE's statements that Decker was not accredited, Judge Layton set aside Finding 1 and eliminated the associated liability of $31,595,885.00. *Id.* at 7, 15. On Finding 2, with respect to the remaining $513,761.00 of liability that FSA asserted was non-duplicative of liabilities asserted under Finding 1, Judge Layton ordered it reduced. *Id.* at 11, 15. Furthermore, Judge Layton set aside a portion of the liability for Findings 3 and 4, as well as all liability associated with Finding 5. *Id.* at 12, 15-16.

Prior to the conclusion of the *Keats vs. COE* appeal to the Sixth Circuit Court of Appeals, the Administrative Proceeding before the Department was at a standstill because FSA wanted "to see an adversary proceeding that would yield an answer to that question" of whether COE's statements to the Department concerning its accreditation of the Programs were true. Hearing Tr. at 55:16-56:2 (Oct. 28, 2008), Admin. Proc. Consequently, Decker initiated an adversarial fact-finding between Decker and COE on the single question of fact as to whether COE's statements to the Department regarding the accreditation of Decker's Programs were true or false. Specifically, on December 15, 2009, the Trustee filed suit against COE in this Court, Adversary Proceeding, No. 09-03091. *See* A.P. Doc. No. 1. COE moved to dismiss or stay the Adversary Proceeding, contending that Decker's claims against COE could not be resolved because of the pending Administrative Proceeding between Decker and FSA. *See* A.P. Doc. No. 28.

2

Decker thus found itself in a Catch-22. On one hand, the Administrative Proceeding could not move forward without a determination in an "adversary proceeding with COE" as to the truth of COE's statements. On the other hand, if COE were correct, the Adversary Proceeding could not move forward until after the completion of the Administrative Proceeding.

Ultimately, to break the logjam, Decker and FSA agreed to have the factual issue of whether COE had approved the Programs for delivery primarily through distance education decided in this Court, where COE was a party in the Adversary Proceeding. Decker and FSA filed a Joint Motion to Stay Proceedings in the Administrative Proceeding, which the ALJ granted on October 15, 2010, to accommodate that process. Five days later, this Court agreed to move forward in the COE litigation "for the limited purpose of examining the veracity of [COE]'s statements to the Department concerning [COE]'s approval of the Hybrid Programs." A.P. Doc. No. 58 at 3. This Court stated that following its decision on that issue, "the Department will presumably proceed to conclusion with its own administrative process, after which any remaining issues raised in this Adversary Proceeding can be addressed. . . ." *Id*. This Court then conducted a four-day evidentiary hearing in March 2012, determining in its Findings of Fact that COE "in fact approved delivery of the Programs through distance education and that, therefore, [COE]'s Statements were false insofar as they asserted that [Decker] had not been approved to offer the Programs through distance education." A.P. Doc. No. 198 at 18-19.

COE appealed these Findings of Fact to the U.S. District Court, Western District of Kentucky. Following a de novo review, the U.S. District Court affirmed this Court's findings that COE's statements to the Department were "factually erroneous" and that

3

"[t]he Bankruptcy Court reasonably found COE to be dishonest when it told the Department it did not approve" Decker's programs. Memorandum Opinion and Order, *Keats v. Council on Occupational Education, Inc.,* 3:12-mc-000018-JGH (W.D. Ky. Dec. 6, 2012). COE then appealed the U.S. District Court's decision to the U.S. Sixth Circuit Court of Appeals, but the appeal was dismissed because COE had chosen not to certify the District Court's decision under Fed. R. Civ. P. 54(b) or as an interlocutory order under 28 U.S.C. §§ 158(d)(2), 1292, leaving the District Court's decision in place. Opinion, *Council on Occupational Education, Inc. v. Keats,* Case No. 13-5036 (6th Cir. Sep. 4, 2014).

Having obtained an answer in multiple forums in which COE was a party as to the veracity of COE's statements, just as FSA had insisted and as the parties had agreed, Decker moved to lift the stay of the Administrative Proceeding. FSA opposed, contending that the stay should continue, based on a statement from COE that "COE still disagrees with the bankruptcy court's finding." FSA Status Rpt. at 1 (Dec. 19, 2014), Admin. Proc. However, on February 18, 2015, Judge Layton rejected FSA's position, lifted the stay, and took official notice of this Court's Findings of Fact. Order Lifting Stay, Admin. Proc. Following extensive briefing and requests for supplemental information, Judge Layton rendered his decision in the Administrative Proceeding.

### A. The Administrative Proceeding Decision.

The following is a brief summary of Judge Layton's Decision dated March 15, 2016, which was filed in this Court on May 20, 2016. *See* Doc. No. 529.

Judge Layton found that Decker College was a private, two-year career educational institution headquartered in Louisville, Kentucky with locations in Atlanta,

4

GA, Indianapolis, IN, and Jacksonville, FL. Decker participated in the federal student aid programs authorized under Title IV of the Higher Education Act of 1965 (Title IV). 20 U.S.C. § 1070 et seq.; 42 U.S.C. § 2751 et seq. FSA administers these programs. Decker appealed from the FPRD that FSA issued on March 31, 2006, under which the FSA assessed and sought to recover liabilities of $32,109,646. Because Decker was in bankruptcy, however, the FPRD did not provide repayment instructions for the liability.

Of all the findings in FSA's FPRD, the ALJ's decision relating to Finding 1 is the one most important to Decker College.

### i. The ALJ's Analysis of FPRD Finding 1.

On March 15, 2016, Judge Layton set aside Finding 1 of the FPRD on the grounds that FSA based Finding 1 "solely on COE's letter stating Decker was not accredited" and that that statement was "false." Decision at 7. Judge Layton also found that Decker has met its initial burden of proof under 34 C.F.R. § 668.116(d)(2) to show it complied with the program requirements at issue in Finding 1. The ALJ reached this conclusion on two independent bases. First, he considered this Court's Findings of Fact that the statement was false. Second, he reviewed the "evidence that Decker also submitted separately to support this appeal." *Id.* FSA was invited to but did not submit any evidence for Judge Layton to review: "FSA has not provided any independent factual basis relating to Decker's underlying program characteristics that Decker was not able to qualify for accreditation," and COE's false statements to FSA in an August 23, 2005 letter were the "only evidence relied on or submitted by FSA." *Id.* at 4. Judge Layton chastised FSA, finding it "troubling that FSA relied exclusively on this letter as a scant basis for imposing a $31 million liability." *Id.* at 5. Judge Layton then made an

5

independent judgment, determining that "the statements made in COE's letter to FSA were false." *Id.* at 7.

Because Finding 1 was "not supported by any separate underlying determination by FSA on whether Decker failed to meet the criteria for online or distance education," Judge Layton "set aside Finding 1 and the related liability for Decker of $31,595,885." *Id.*

### ii. The ALJ's Analysis of FPRD Findings 2, 3, 4, 5 and 6.

In the analysis of FSA's Finding 2, Judge Layton held that "Decker has met its burden of proof for the students whose withdrawal dates were determined by their last login or last participation in academically-related activities, and that Decker has also met its burden for the students documented in spreadsheets A and B." *Id.* at 11.  Judge Layton found that "[t]he spreadsheets A and B do not contain any evidence consistent with FSA's argument that the dates were extended" and that "Decker's counting of attendance complies with the program requirements and properly calculates the return of Title IV funds." *Id.* at 10.  Therefore, Judge Layton ordered FSA to reduce the original Finding 2 liability of $3,291,759 by removing the liability amounts imposed pertaining to those students in spreadsheets A and B.  *Id.* at 11.

For FSA's Findings 3 and 4, Judge Layton found that Decker is not liable for funds dispersed to students who completed 15 weeks of the program but had not completed 18 credits of work.  For the liability remaining under Finding 3, Judge Layton directed FSA to calculate the amount of money required to be refunded under its estimated loss formula by applying a 2.7% cohort default rate to loans improperly disbursed during FY 2003 and the relevant national average rate for loans improperly

6

paid out in subsequent years. Additionally, when presenting to Decker the amount required to be returned, Judge Layton ordered FSA to provide to Decker and the Department the calculations used to reach the Department's identified amount.

For Finding 5, because Decker's program had an established term using credits and not clock hours, Judge Layton ordered that the liability for Finding 5 be set aside in its entirety.

No monetary repayment liability is associated with Finding 6, and Decker had previously agreed that the ALJ lacked subject matter jurisdiction over Finding 6.

### B. FSA's Appeal to the Secretary of Education.

On April 20, 2016, Counsel for FSA appealed the ALJ's Decision to the Secretary of the Department (the "Secretary"). FSA's appeal brief to the Secretary stated that the Department should not be compelled to accept as determinative a "non-final ruling of a bankruptcy court that may be reversed on appeal in that proceeding." In its brief, FSA asked that Finding 1 be remanded to the Hearing Official with instructions to issue an administrative stay until a final judicial determination is obtained concerning the litigation about the COE accreditation for the Decker distance learning programs. A complete copy of the FSA's brief on Appeal to the Secretary is attached to this Status Report as **"Exhibit A".**

### C. Decker's Response to FSA's Appeal to the Secretary of Education.

Decker responded in opposition to the Department's brief on appeal to the Secretary on May 20, 2016. Decker refuted each of FSA's arguments, emphasizing that after more than a decade of litigation, the ALJ had decided, based on the findings of two federal judges as well as on his own independent review of fully adjudicated trial

testimony and other evidence, that the sole source on which FSA relied to support Finding 1 in the FPRD is "false." Decker noted that Judge Layton had decided as a matter of fact in the Administrative Proceeding that COE in fact *had* accredited Decker's programs to be offered through distance education, directly contrary to COE's 2005 report to FSA that it had not. Decker stated that with COE's sole and foundational fact found to be "false," Judge Layton could identify no basis to support Finding 1 and properly reversed that finding.

Decker further argued that the Decision of Judge Layton should be affirmed because it is supported by substantial evidence with regard to Findings 1 and 2, and because FSA did not challenge the Decision as to Findings 3 through 6. Decker asked the Secretary to reject FSA's request to remand the Findings and to reinstate the stay in the Administrative Proceeding.

A complete copy of Decker's brief in opposition to FSA's appeal to the Secretary is attached to this Status Report as **"Exhibit B".**

## II. Trustee's Motion to Lift the Stay in the Adversary Proceeding.

On May 18, 2016, in order to move this case forward, the Trustee filed a motion with this Court to lift the stay entered by this Court in the Adversary Proceeding on October 20, 2010. A.P. Doc. No. 248. The Trustee's motion to lift the stay is scheduled to be heard on June 28, 2016, at 9:30 a.m.

## III. Trustee's Objections to the Department's Proof of Claim.

On May 20, 2016, the Trustee filed a motion to disallow the Department's Proof of Claim No. 557 because the sole documentation in support of the Department's claim is liability assessed for Findings in the FPRD, which has been substantially set aside by the

8

decision of the ALJ. Doc. No. 528. Specifically, the Trustee requested that the Court disallow (1) the Department's unsecured Proof of Claim in the sum of $31,595,885, and (2) the Department's unsecured priority Proof of Claim to the extent Judge Layton held that it must be reduced by the amounts pertaining to students in spreadsheets A and B. Objections to the Trustee's Motion to deny the Departments Proof of Claim are due on June 20, 2016.

## IV.  Conclusion.

Along with the assistance of the most professional Counsel the Trustee has had the privilege of working with for over a decade, the Trustee continues to strive towards the objectives of bringing the Decker case to a meaningful conclusion. But the road to a meaningful conclusion still runs through this Court because FSA insists that this Court rule on the totality of Decker's claims against COE before the administrative proceeding can end. The Secretary may disagree, but in any case it is clear that there is no administrative bar to this case going forward, and in fact, quite the opposite.

Respectfully submitted,

*/s/ Robert W. Keats*
Robert W. Keats, Trustee
P.O. Box 221377
Louisville, Kentucky 40252-1377
(502) 587-8787

## CERTIFICATE OF SERVICE

I certify the foregoing was served in conformity with CM/ECF Rule 6.9, or, by delivering a true copy via first class mail to the service list on May 24, 2016.

*/s/ Robert W. Keats*
Robert W. Keats