UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DECKER COLLEGE INC., et al., ) | |
| ) | |
| Appellants, ) | Civil Action No. 3:17-CV-728-CHB |
| ) | |
| v. ) | |
| ) | **ORDER DENYING APPEAL** |
| ROBERT W. KEATS, Trustee, ) | |
| ) | |
| Appellee. ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the appeal of the bankruptcy court's *sua sponte* order disqualifying counsel from representing Appellants in this case. [*See* R. 1]  Because this is not an appeal as of right of a final order and the Court does not see fit to exercise jurisdiction to hear an interlocutory appeal, this appeal will be dismissed for lack of jurisdiction.

**I.**

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals from the bankruptcy court in two situations relevant here: "from final judgments, orders, and decrees," and "with leave of the court, from other interlocutory orders and decrees."  28 U.S.C. § 158(a)(1), (3).  An appeal from a final judgment, order, or decree is of right. *See In re Smith*, No. 19-8021, 2019 WL 4271977, at \*1 (B.A.P. 6th Cir. Sept. 10, 2019).  This appeal is not an appeal as of right from a final judgment.

The Sixth Circuit has recently explained that "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *In re Jackson Masonry, LLC*, 906 F.3d 494, 498 (6th Cir. 2018), *cert. granted sub nom. Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 139 S. Ct. 2614, 204 L. Ed. 2d 263 (2019) (citation omitted).  The

test is whether an order is "(1) entered in a proceeding and (2) 'final'—terminating that proceeding." *Id.* at 499.  "A 'proceeding' under § 158(a) is a discrete dispute within the overall bankruptcy case, resolved through a series of procedural steps," such as an adversary proceeding. . . . [A] 'proceeding' is akin to a case within a case." *Id.* at 500.

Likewise, "[t]he finality of a bankruptcy order is determined first and foremost by whether it alters the status quo and fixes the rights and obligations of the parties." *Id.* at 501 (internal quotation marks omitted).  "Additionally, courts should look to whether the order completely resolves all substantive litigation within the proceeding.  In a nutshell, a bankruptcy order is final if it is both procedurally complete and determinative of substantive rights." *Id.* (internal citations and quotation marks omitted).

The Court finds that the orders under appeal here – an oral ruling and a written *sua sponte* order disqualifying counsel – do not meet this test.  Neither order terminated any proceeding or fixed the rights and obligations of the parties.  They certainly did not completely resolve all substantive litigation within the proceeding.  The upshot of the orders is that Laurence J. Zielke and Zielke Law Firm may not serve as counsel for any of the Appellants in this case.  That is it.  The Debtor (or any interested party) is still able to file a motion (or pursue the pending motions) to convert the bankruptcy case to a Chapter 11 case, *see* 11 U.S.C. § 706(a)-(b), and should be free to hire any counsel they want, so long as that counsel does not have a conflict of interest.  Nothing in the bankruptcy court's order prevents this.[1]  *See In re M.T.G., Inc.*, 403 F.3d 410, 413 (6th Cir. 2005) (holding that decision to deny a motion for an attorney's

---

[1] The Court takes footnote 1 of the bankruptcy court's *sua sponte* opinion [R. 6-2 at p. 1] to be clarifying the facts of this case, not requiring that any conversion motion must be filed by counsel hired by the Trustee.  Such a ruling would be incorrect, and the Court does not believe that the bankruptcy court made it. *See*, *e.g.*, *In re Starling*, 359 B.R. 901 (Bankr. N.D. Ill. 2007) (Debtors represented by their own counsel filed Motion to Convert Chapter 7 case to a Chapter 13 case, which the Trustee opposed acting as legal counsel for himself as Trustee).

employment as special counsel was not a final appealable order); *Richardson-Merrell, Inc. v. Keller*, 472 U.S. 424, 430 (1985) ("An order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation.").

Having found that this appeal is not from a final judgment, the Court does not see fit to grant leave to appeal an interlocutory order under 28 U.S.C. § 158(a)(3). "Appellate courts considering review of interlocutory decisions from bankruptcy courts have applied the standards set forth in 28 U.S.C. § 1292(b)." *In re Smith*, 2019 WL 4271977 at *4 (citations omitted). "Under § 1292(b), an appellant seeking review of an interlocutory order must show:

> (1) The question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation."

*Id.*

The Court finds that these factors are missing. The question here really revolves around a mixed finding of fact and law – namely, the bankruptcy court's finding that Attorney Zielke and his firm have a conflict with representing the Appellants. *See United States v. Walker*, 160 F.3d 1078, 1089 (6th Cir. 1998) (explaining in the context of a *Strickland* claim that "[w]hether the facts in a particular case give rise to a conflict of interest is a mixed question of fact and law that we review *de novo*."). Thus, the question involved is not purely a question of law, meaning that factors (1) through (3) are not met. Similarly, the Court finds that granting leave to appeal would not materially advance the ultimate termination of the litigation. As pointed out above, the Debtor (and any of the other Appellants) are free to retain any other non-conflicted counsel to pursue a conversion motion. It does not matter to the ultimate termination of the litigation who that counsel is. Thus, to the extent that the Appellant moves for leave to appeal, the Court will decline to grant leave to appeal this interlocutory order.

**II.**

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Appeal [R. 1] is **DENIED**.

2. This case is **REMANDED** to the Bankruptcy Court for the Western District of Kentucky.

This the 24th day of September, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:   Counsel of record